UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY EICHMANN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0479-X |
| | § | |
| GENERAL MOTORS, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is General Motors, LLC's (General Motors) motion for summary judgment. (Doc. 14). Having considered the motion, facts, and applicable law, the Court **GRANTS** the motion. (Doc. 14).

Kimberly Eichmann's 2020 Chevrolet Equinox caught fire. She contends that the fuel tank was defective. General Motors filed a motion for summary judgment arguing that there is no evidence as to causation because the vehicle is no longer in Eichmann's possession, she does not know whether it still exists or where it is, and cannot make the vehicle available for inspection. The only evidence of the vehicle are four photographs that do not depict any of the purported defects or fuel tank area.

A movant is entitled to summary judgment when there is no genuine dispute of material fact and the movant is entitled to the judgment as a matter of law.[1] "If the moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with

---

[1] Fed. R. Civ. P. 56(a).

1

competent summary judgment evidence of the existence of a genuine fact issue."[2] But the Court cannot grant the motion merely because the nonmovant failed to respond.[3]

General Motors asserts that there is no evidence of causation. Causation is a necessary element of Eichmann's claims.[4] Importantly, "[p]roof of causation requires more than conjecture or guess."[5] Because the only evidence of the car are four photographs that do not depict the part of the car alleged to have been defective, there is no possible way causation could be shown. Indeed, no one knows where the car is or whether it still exists. Eichmann never presented any evidence of causation and has accordingly failed to make a showing to establish a genuine dispute of material fact as to causation. As a result, the Court **GRANTS** summary judgment in favor of General Motors.

**IT IS SO ORDERED** this 7th day of November, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] *Kelly v. Astrazeneca Pharms. LP*, No. 3:08-CV-0177-N, 2010 WL 11618279, at *1 (N.D. Tex. Nov. 4, 2010) (Godbey, J.) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986)).

[3] *Id.* (citing *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022–23 (5th Cir. 1995)).

[4] Eichmann brought strict liability and negligence claims against General Motors. The strict product liability claim requires that "the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). And causation is an element of negligence. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

[5] *Mosley v. Excel Corp.*, 109 F.3d 1006, 1009 (5th Cir.1997).